# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY, | * |
| Plaintiff, | * |
| v. | *   Case No.: 17-433 |
| ADVANCED COLLISION CENTER OF MOBILE, INC., d/b/a ADVANCED COLLISION CENTER and DANNY WOODWARD, | * |
| Defendants. | * |

## COMPLAINT

Plaintiff, The Sherwin-Williams Company d/b/a Sherwin-Williams Automotive Finishes ("Sherwin-Williams" or "Plaintiff"), for its Complaint against Advanced Collision Center of Mobile, Inc. d/b/a Advanced Collision Center ("Advanced Collision") and Danny Woodward ("Woodward") (collectively "Defendants") states as follows:

## PARTIES

1. Sherwin-Williams is an Ohio citizen because it is an Ohio corporation with its principal place of business in Ohio. Sherwin-Williams is engaged in the business of, *inter alia*, manufacturing and selling automotive paints, coatings, and related products.

2. Upon information and believe, Advanced Collision is an Alabama citizen because it is an Alabama corporation with its principal place of business in Alabama.

3. Upon information and belief, Woodward, owner of Advanced Collision, is an individual domiciled in, and a citizen of, the State of Alabama.

**JURISDICTION AND VENUE**

4. This Court has diversity jurisdiction under 28 U.S.C. 1332(a)(1), because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the parties are completely diverse.

5. Venue of this action in this Court is proper under 28 U.S.C. 1391(b)(1) because both defendants reside within the Southern District of Alabama. Venue of this action in this Court is also proper under 28 U.S.C. 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim" occurred within the Southern District of Alabama.

**FACTUAL ALLEGATIONS**

6. On or about November 12, 2012, Advanced Collision entered into a supply agreement with Sherwin-Williams (the "Supply Agreement"). Pursuant to the Supply Agreement, Advanced Collision agreed to purchase exclusively from Sherwin-Williams all of its requirements for all automotive paints, coatings, and related products (including all non-paint products used to refinish vehicles) used at its facilities from November 13, 2012 (the "Effective Date") until the date upon which Net Sales of SW Paints and Coatings, as those terms are defined by the Supply Agreement, equal Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00) (the "Term"). (A copy of the Supply Agreement is not attached hereto as Defendant has a copy and the terms of which are expressly confidential and proprietary).

7. For and in consideration of the mutual covenants and promises stated in the Supply Agreement, Sherwin-Williams agreed, among other promises, to provide a prepaid discount to Advanced Collision in the amount of Sixty-Five Thousand and 00/100 Dollars ($65,000.00) (the "Advance").

8. Sherwin-Williams paid the Advance to Advanced Collision.

9. In consideration for Advanced Collision's obligations under the Supply Agreement, Sherwin-Williams agreed to, and in fact did, provide to Advanced Collision paint products at a 10% discount off of the refinisher price list of Sherwin-Williams.

10. Further, the parties contemplated that Sherwin-Williams would profit from the Supply Agreement.

11. On or about January 18, 2013, Woodward entered into a written guaranty, wherein he personally guaranteed payment and performance by Advanced Collision under the Supply Agreement ("Guaranty). (The Guaranty is attached hereto as Exhibit "A"). Pursuant to the Guaranty, if Advanced Collision failed to pay Sherwin-Williams the full amount due and payable under the Supply Agreement, then Woodward was obligated to pay Sherwin-Williams the full amount.

12. From November 2012 to approximately June 2013, Advanced Collision purchased automotive paints, coatings, and related products pursuant to the Supply Agreement.

13. Advanced Collision has since ceased purchasing its requirements for automotive paints, coatings, and related products from Sherwin-Williams before the end of the Term.

14. Advanced Collision's discontinuance of exclusive purchase and use of Sherwin-Williams' paint and associated products constitutes a breach of the Supply Agreement, and additionally an Acceleration Event under Paragraph 5(B)(vii) of the Supply Agreement, necessitating immediate repayment of the Advance without notice or demand from Sherwin-Williams.

15. On or about December 15, 2015, Sherwin-Williams provided notice of breach to Defendants.

16. Advanced Collision has not paid to Sherwin-Williams the entire amount of the Advance upon the occurrence of at least the foregoing acceleration events.

17. Defendants' breach of the Supply Agreement and Guaranty will continue to cause considerable financial harm to Sherwin-Williams in excess of the jurisdictional amount.

## COUNT I – Breach of Contract by Advanced Collision

18. Sherwin-Williams incorporates by reference, as if fully set forth herein, the allegations contained in Paragraph 1-17 of the Complaint.

19. As set forth above, Advanced Collision owed contractual obligations to Sherwin-Williams pursuant to the Supply Agreement.

20. Advanced Collision breached the Supply Agreement by, *inter alia*, failing to use exclusively and/or purchase all of its requirements for automotive paints, coatings, and related products exclusively from Sherwin-Williams.

21. Advanced Collision also breached the Supply Agreement by, *inter alia*, failing to repay the Advance when it failed to pay amounts due and owing under the Supply Agreement.

22. Sherwin-Williams fully performed under the Supply Agreement, and all conditions precedent to the maintenance of this action have been fully satisfied.

23. As a direct and proximate restful of the breach by Advanced Collision, Sherwin-Williams has suffered damages including, without limitation, lost profits set to be earned during the term of the Supply Agreement in an amount to be proved at trial.

## COUNT II – Breach of Contract by Woodward

24. Sherwin-Williams incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 23 of the Complaint.

25.     As set forth above, Woodward owed contractual obligations to Sherwin-Williams pursuant to the Guaranty.

26.     Woodward materially breached the Guaranty by failing to pay Sherwin-Williams the amounts due and owing under the Supply Agreement and Guaranty.

27.     Sherwin-Williams fully performed under the Supply Agreement and Guaranty, and all conditions precedent to the maintenance of this action have been satisfied.

28.     As a direct and proximate result of Woodward's breach of the Guaranty, Sherwin-Williams has suffered damages in an amount to be proven at trial.

## **REQUEST FOR RELIEF**

WHEREFORE, Sherwin-Williams respectfully requests that the Court grant judgment in its favor and against Defendants in an amount to be proved at trial plus interest at the legal rate, attorneys' fees, costs of suit, and all other relief as the Court deems just and proper.

## **JURY DEMAND**

Sherwin-Williams demands trial by jury on all issues so triable.

*/s/ Morgan S. Hofferber*
ARCHIBALD T. REEVES, IV
areeves@mcdowellknight.com
MORGAN S. HOFFERBER
mhofferber@mcdowellknight.com
McDOWELL KNIGHT ROEDDER
& SLEDGE, LLC
11 North Water Street, Suite 13290
Mobile, Alabama  36602
Phone:  251-432-5300
Fax:  251-432-5303

**<u>DEFENDANTS TO BE SERVED</u>**
**<u>BY CERTIFIED MAIL AT THE</u>**
**<u>FOLLOWING ADDRESSES:</u>**

Advanced Collision Center of Mobile, Inc.
d/b/a Advanced Collision Center
1165 Sledge Drive
Mobile, Alabama  36606

Danny Woodward
1165 Sledge Drive
Mobile, Alabama  36606