IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE SHERWIN-WILLIAMS COMPANY, | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. 1:17-cv-00433-C |
| ADVANCED COLLISION CENTER OF MOBILE, INC., d/b/a ADVANCED COLLISION CENTER, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM ORDER AND OPINION

This matter is before the Court on Defendants Danny Woodward's and Advanced Collision Center of Mobile, Inc.'s, ("Advanced") Renewed Motion to Dismiss and Supporting Brief ("renewed motion to dismiss") (Doc. 21), which was filed on December 4, 2017. As the parties are no doubt aware, this case has been randomly assigned to the undersigned for all purposes, including trial. (*See* Doc. 2 ("In accordance with 28 U.S.C. § 636(c), the Magistrate Judges of this District Court have been designated to conduct any and all proceedings in a civil case, including a jury or non-jury trial, and to order the entry of a final judgment, upon the consent of all parties.")). Inasmuch as the parties, as of the date of the memorandum order and opinion, have not returned to the Clerk of Court a Request for Reassignment to a United States District Judge (*see* Doc. 2 at 1-2 ("You have the right to have your case reassigned to a United States District Judge for trial and disposition. If you wish to

have the case reassigned, you or your attorney need only return the <u>Request for Reassignment to a United States District Judge</u> (attached) by email to Edwina_Crawford@alsd.uscourts.gov. **Do not electronically file document**.")), there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 1703, 155 L.Ed.2d 775 (2003) ("We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.").

## **PROCEDURAL HISTORY**

The case was originally filed in the Northern District of Ohio on September 23, 2016, where, upon Defendants' motion, it was dismissed on July 18, 2017, on the basis of the absence of personal jurisdiction. (Doc. 21, at 3; Doc. 22, at 7). On September 26, 2017, Plaintiff filed its Complaint with this Court, in which it stated separate breach of contract claims against Defendants Advanced Collision and Woodward. (Doc. 1). Summons were issued for Defendants on September 27, 2017, (Doc. 4), that were served on September 28, 2017, which made Defendants' responsive pleadings due on or before October 19, 2017, (Docs. 6-7). On October 19, 2017, Defendants filed their Motion to Dismiss and Supporting Brief, (Doc. 9), for which the Court entered a

2

submission Order, (Doc. 14).[1] On November 8, 2017, Plaintiff filed its Amended Complaint as a matter of course pursuant to Rule 15, Federal Rules of Civil Procedure, (hereinafter "FRCP" followed by the Rule number), in which it stated separate breach of contract claims against Defendants Advanced Collision and Woodward. (Doc. 17). On December 4, 2017, Defendants filed their Renewed Motion to Dismiss and Supporting Brief, (Doc. 21), and Plaintiff filed its response on December 13, 2017, (Doc. 22).

Counsel for Defendants, Ian Rosenthal, filed his Notice of Withdrawal of Counsel on February 28, 2018, (Doc. 23), which the Court granted, and on March 13, 2018, Thomas Galloway, Jr., filed his Notice of Appearance as counsel for Defendants, (Doc. 25).[2]

## SUMMARY OF FACTS

Plaintiff's Amended Complaint contains two causes of action, a breach of contract claims against each of Defendants Woodward and Advanced. (Doc. 17). Plaintiff alleges it entered into a Supply Agreement with Advanced, pursuant to which Advanced agreed to purchase certain categories of products exclusively from Plaintiff until a date upon which those purchases equaled $350,000. (Doc. 17, ¶ 6).

---

[1] Defendants contemporaneously filed their Motion to Seal, in which they motioned the Court to file under seal the Affidavit of Danny Woodward in which he authenticated Defendant Advanced Collision's supply agreement with Plaintiff and the Supply Agreement at issue. (Doc. 10). On October 20, 2017, the Court entered a submission Order, (Doc. 14), and Plaintiff filed its response on October 27, 2017, (Doc. 15). On November 2, 2017, the Court granted in part Defendants' Motion to Seal and directed the Clerk of Court to unseal the affidavit of Defendant Woodward, and seal the Supply Agreement. (Doc. 16).

[2] At the status conference that was held before the undersigned on April 18, 2018, (*See* Doc. 26), Defendants' new counsel endorsed its previously filed renewed motion to dismiss.

3

In consideration for this agreement, Plaintiff agreed to provide discounts to Advanced in the amount of ten percent (10%) on those purchases and, also, to pay an advance in the amount of $65,000 to Advanced. (Doc. 17, ¶ 7-9). Plaintiff alleges Woodard personally guaranteed the payment and performance of Advanced under the Supply Agreement by executing a written guaranty agreement. (Doc. 17, ¶ 11). Plaintiff alleges, after purchasing approximately $200,000 worth of products, Advanced breached the agreement when it failed to continue to purchase the required quantity of products and, also, refused to repay the $65,000 advance. (Doc. 17, ¶¶ 15-18 & 21). Plaintiff sued Advanced for breach of contract for its breach of the Supply Agreement and Woodard for breach of contract for his breach of the guaranty. (Doc. 17).

## **STANDARD OF REVIEW**

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) (*quoting GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas Cty.,* 285 F.3d 1334, 1337 (11th Cir. 2002). "Generally, 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Smedley v. City of Ozark,* No. 1:15cv81-WKW-WC, 2015 U.S. Dist. LEXIS 123546, at *5 (M.D. Ala. Aug. 26, 2015) (quoting *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996)).

4

These rules apply with particular force to motions to dismiss based on affirmative defenses such as a statute of limitations:

> A statute of limitations bar is "an affirmative defense, and . . . plaintiffs [are] not required to negate an affirmative defense in [their] complaint." *Tregenza v. Great* [*Am. Commc'ns*] *Co.*, 12 F.3d 717, 718 (7th Cir. 1993). Not surprisingly, **our cases say that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred.** See *Omar* [*v. Lindsey*], 334 F.3d [1246,] 1251 [(11th Cir. 2003)]; *Carmichael v. Nissan Motor Acceptance Corp.*, 291 F.3d 1278, 1279 (11th Cir. 2002). *Accord In re* [*Se.*] *Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) ("For better or worse, the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can.").

*La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845-46 (11th Cir. 2004) (reversing dismissal and stating "on this record, it is not apparent on the face of the complaint that the securities fraud claim is time-barred") (emphasis added).

## ANALYSIS

### Subject Matter Jurisdiction

Defendants seek dismissal of the Amended Complaint on the grounds that this Court lacks subject matter jurisdiction. Defendants do not dispute the existence of diversity of citizenship, but they contend Plaintiff has failed to establish the amount in controversy exceeds $75,000. (Doc. 21, at 2-10). Defendants assert Plaintiff's Amended Complaint seeks an indeterminate amount of damages; therefore, the burden is on the Plaintiff to prove by a preponderance of the evidence the amount in controversy exceeds $75,000. (Doc. 21, at 2-10). Plaintiff counters the Amended Complaint does, in fact, seek a determinate amount in controversy so that the

Amended Complaint may not be dismissed unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. (Doc. 22, at 5-7). Plaintiff, further, contends allegations in the Amended Complaint, along with the Sales Agreement, satisfy the amount in controversy requirement even under the preponderance of evidence standard. (Doc. 22, at 5-7).

The Amended Complaint alleges Plaintiff paid to Advanced the $65,000 advance as provided for in the Supply Agreement. Additionally, Plaintiff alleges that Advanced was entitled to a ten percent (10%) discount on the required $350,000 of purchases, but Advanced purchased only $200,000 worth of products. Plaintiff contends the amount in controversy is satisfied because it claims, at a minimum, that Defendants must repay the $65,000 advance and repay the ten percent (10%) discount provided on the $200,000 of products purchased, which is approximately $20,000. As such, Plaintiff argues, and the Court agrees, Plaintiff has established an amount in controversy of at least $85,000, which satisfies the jurisdictional amount. Therefore, Defendants' Motion to Dismiss, asserting the absence of subject matter jurisdiction under Rule 12(b)(1), is due to be denied.

## **Failure to State a Claim**

Defendants, also, contend under Rule 12(b)(6), Counts One and Two of the Amended Complaint are due to be dismissed as being barred by the statute of limitations. (Doc. 21, at 10-14). The parties agree Ohio law applies, and Defendants assert the four-year statute of limitations applies to the claims under the Supply Agreement. (*Compare* Doc. 21, at 10-11 *with* Doc. 22, at 7). While the Defendants

raise a variety of arguments as to why the claims are time-barred, the Court finds the Ohio savings statute renders the Plaintiff's claims timely.

Defendants contend the causes of action accrued in June 2013. (Doc. 21, at 11). As the Motion to Dismiss acknowledges, Plaintiff originally filed suit against Defendants in the Northern District of Ohio on September 23, 2016, well within the four-year limitations period of Ohio Rev. Code Ann. § 1302.98. The Northern District of Ohio action was dismissed without prejudice on July 18, 2017, for lack of personal jurisdiction. Plaintiff filed this lawsuit approximately two months later.

Ohio law includes a "savings statute" that states when an action is dismissed other than on the merits, a party has one-year from the dismissal to timely refile the action. OHIO REV. CODE ANN. § 2305.19(A). A dismissal for lack of personal jurisdiction is a failure other than on the merits. OHIO R. CIV. P. 41(B)(4)(a); *see also Nationwide Mut. Ins. Co. v. Galman*, No. 03 MA 202, 2004 WL 3090212, ¶ 27 ("A dismissal for either of the following reasons shall operate as a failure otherwise than on the merits: (a) lack of jurisdiction over the person or subject matter"). Therefore, since Plaintiff refiled its case in this Court on September 26, 2017, which is within one year of the dismissal in Ohio, the action is timely.

The Court additionally finds, because the statute of limitations is an affirmative defense and given the allegations of the Amended Complaint, dismissal on that ground is not warranted.

Finally, Woodard seeks dismissal of Count Two on the additional basis that there is a lack of consideration for the guaranty. (Doc. 21, at 14-20). Woodard

contends the Amended Complaint does not allege consideration that would support the guaranty and the guaranty was not executed prior to, or contemporaneously with, the Supply Agreement. (Doc. 21, at 14-20). The Court finds the Amended Complaint contains sufficient allegations concerning consideration, including alleging facts that the guaranty was executed either prior to or as a part of a single transaction involving the Supply Agreement with Advanced. Because of these allegations, dismissal would not be appropriate. The Court also finds that lack of consideration is an affirmative defense, and, given the pleadings, denies the motion on that ground as well.

## CONCLUSION

Based on the foregoing, the Court finds Defendants Woodward's and Advanced's renewed motion to dismiss, (Doc. 21), is due to be and hereby is **DENIED.**

**DONE** and **ORDERED** this the 13th day of June 2018.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**